AUGUST 25—1845.

*Andrew S. Hammersley* v. *Hiram Parker.*(*)  This was an appeal from an order of a vice-chancellor, setting aside an order for an attachment which had been made by such vice-chancellor, and all subsequent proceedings thereon for irregularity, with costs. The usual order for the appointment of a receiver upon a creditor's bill, and for the attendance of the defendant before the master to assign his property, and to be examined in relation thereto, had been entered; and the defendant being duly summoned, neglected to attend before the master, pursuant to the directions contained in the order of reference.

The complainant thereupon applied to the vice-chancellor, and obtained an order, dated the ninth of April, 1845, requiring the defendant to attend before the master and comply with the order of reference, and pay the costs of the application within four days after service of a copy of the order, or that he should show cause before the vice-chancellor upon the fourteenth of the same month, why an attachment should not issue against him. This order was entered on Wednesnesday, and was served upon the defendant's solicitor the same day; but as the time for showing cause before the vice-

*Practice in cases of contempts*

(*)Decided August 5, 1815; but not reported in full at that time for want of room. The opinion explains very fully and minutely the practice in cases of contempt, for not appearing, &c., before the master, on a reference to appoint a receiver, and is of great interest and value to all who may have occasion to conduct proceedings of that nature.

chancellor was for the next Monday thereafter, the defend-
ant had but three judicial days after the entry of such order,
to attend before the master, and pay the costs previous to the
time appointed for him to show cause why the attachment
should not issue against him.   Instead of attending before
the vice-chancellor, however, to oppose the granting of the
order for an attachment, the defendant's solicitor neglected to
oppose that application, and suffered the order for the attach-
ment to be taken by default.   The defendant having been ar-
rested upon the attachment issued in pursuance of the order
of the vice-chancellor, subsequently applied and obtained the
order appealed from.

J. W. HAMMERSLEY, for the appellant ; T. JAMES GLOVER,
for the respondent.

THE CHANCELLOR.   The order for the attachment in this
cause was not irregular, and the vice-chancellor, therefore,
erred in setting it aside on that ground.   For the order was
entered under the direction of the court, and upon due notice
of an order to show cause at that time why an order for an
attachment should not be granted.   The error was in the
previous order to show cause, which did not give to the de-
fendant the full four days to attend before the master and to
pay the costs, before the time appointed to show cause against
the order for an attachment.   And if the defendant's counsel
had attended before the vice-chancellor on Monday, the 14th
of April, as he should have done, and showed that he was
willing to attend before the master and comply with the terms
of the order to pay the costs, the vice-chancellor would as a
matter of course, have enlarged the time for that purpose.

The order of the ninth of April was erroneous in another
respect, as it did not specify the amount of the costs which
the defendant was required to pay.   The settled practice of
the court is to direct $8 to be inserted in the order unless the
court, for special reasons appearing in the papers on which
the ex parte order is founded, thinks proper to direct a larger
sum to be paid.   But the amount should, even in that case,
be ascertained and inserted in the order, so that the defend-
ant may know what he is to pay to purge his contempt in not

appearing before the master, pursuant to the original order of reference and upon the summons of the master.

As mistakes are constantly occurring in relation to proceedings of this kind, it may be proper to state the proper course to be pursued in such cases. Where the order of reference or decree directs the defendant in a creditor's bill to attend before the master upon the appointment of a receiver, or to make an assignment of his property, or to be examined in relation thereto, it is his duty to attend upon the return of the summons requiring his personal attendance, or upon any other day to which the proceedings are adjourned, or he will be in contempt, and be liable to be punished for his disobedience of the order of the court. If he has any sufficient excuse, therefore, for not attending before the master at the time required, either from sickness or necessary absence from home, his solicitor or counsel should attend before the master with the proper evidence of the sufficiency of his excuse. And in such case it will be the duty of the master, if he deems the excuse sufficient, to enlarge the time for attendance.

The defendant may also apply to the court for relief, if the master errs in refusing to enlarge the time for attendance where a sufficient excuse is shown for not attending at the day appointed. But even where the defendant's solicitor neglects to attend and get the time enlarged, the court, in ordinary cases, will not proceed at once to punish the defendant for his contempt, or subject him to the extra expense of an attachment, provided he will attend before the master within a reasonable time, to be fixed by the court, and comply with the terms of the order, and pay the costs to which the complainant has been subjected in consequence of his previous default. The usual time allowed for that purpose, where the defendant lives in the same city or town with the master before whom he is required to attend, is four days after service of the copy of the order and of the papers on which it is founded. And where the defendant resides at a greater distance from the master, the court should regulate the time accordingly in the order to show cause, so as to give the defen-

dant a fair opportunity to comply with the conditions of the order after the service of the same upon the defendant's solicitor, or upon the defendant himself, or through the post-office according to the provisions of the 191st rule of the court.

The complainant, therefore, upon the production of the decree or order of reference, requiring the defendant to attend before the master, &c., and the master's certificate of his default, and the evidence of the service of the summons where such evidence is not contained in the official certificate of the master, may apply to the court *ex parte*, and obtain the usual order that the defendant attend before the master within four days after service of the copy of the order, and of the papers on which it is founded, or such other number of days as may have been directed by the court, and make the assignment, or submit to the examination on oath, as the case may be, and pay to the complainant $8 for the costs to which he has been subjected by such previous default, or show cause before the court, at such time as may be prescribed in the order, after the expiration of the time allowed for attendance before the master, why an attachment should not issue against him, or why he should not be punished for his misconduct.

Where the order specifies the particular motion day on which the defendant is to show cause before the court, the order should direct the service to be made within such time after the making thereof as to give the defendant the full number of days specified in the order thereafter to attend before the master, before the time appointed for showing cause. Or, if it is uncertain when the complainant will be able to serve the order and the papers upon which it is founded, the order may direct the defendant to attend before the master and pay the costs, &c., within the number of days specified after such service, or that he show cause before the court on the first regular motion day after the expiration of the time for his attendance before the master.

The order in such cases should recite so much of the alleged contempt of the defendant, in neglecting to attend before the master upon the return of the summons, as to apprise

him of the misconduct charged in neglecting to obey the original decree or order of reference. And such decree or order of reference must form a part of the papers upon which the order to show cause is founded, and must be served upon the defendant with such order to show cause; as it will be a necessary part of the papers to show the defendant has been guilty of a contempt, in case the defendant appears before the court to show cause. The statute authorises the court to proceed either by attachment or by an order to show cause why defendant should not be punished for his alleged misconduct.—(2 *R. S.* 536, § 5.) It is regular, therefore, to take the order in either form. But the usual course is to take the order that the defendant show cause why he should not be punished for the alleged misconduct specified therein, in not attending before the master upon the return day of the summons, or other original default. And upon such an order, if the defendant does not comply with the condition of the order, or appear to show cause, or if he appears and shows no sufficient cause to purge his contempt, an order will be made for his commitment until he complies with the terms of the original decree or order of reference, and pays the costs of the proceedings, which costs are usually fixed at $18, in the form of a fine, to be paid in addition to the sheriff's fees on his commitment. The proceeding by attachment is more expensive and ought not to be resorted to without some good cause therefor. And if the complainant subjects the defendant to useless expense by proceeding by attachment instead of an order, to show cause why the defendant should not be punished for his misconduct, the court may refuse to allow him the extra costs of such proceedings by attachment.

In the case under consideration, the order to set aside the attachment for irregularity with costs, must be reversed. But as the whole difficulty appears to have arisen by the carelessness of the solicitor in drawing up the original order without reference to the day of the week upon which the four days allowed for attendance before the master would expire, and by not inserting in the order the amount of costs to be

paid, the proceedings upon the attachment must be stayed, and the defendant discharged from the same upon his paying to the complainant's solicitor the $8 costs, and attending before the master within four days after service by a copy of the order to be entered herein, and submitting to be examined, &c., and to do such other acts as may be required by the master. But if the defendant neglects to pay the costs and to attend before the master, &c., within the time specified, the complainant is to be at liberty to proceed upon his attachment to punish the defendant for his original contempt in neglecting to attend before the master.

Neither party is to have costs as against the other upon this appeal, or upon the motion to the vice-chancellor, and the proceedings are to be remitted.

*Horace Loveland* v. *Michael A. Burnham et al.* H. L. PALMER, for complainant; D. D. FIELD, for defendants. Application to dissolve or modify, or set aside an injunction, on the ground of the insufficiency of the bond which had been given on obtaining the same. The complainant did not justify, and the surety only justified in the sum of $500, without stating his residence, or that he was a freeholder or a householder. Nor was the bond acknowledged by the surety, or proved by a subscribing witness, as required by the 172d rule. The bond was in the penalty of $500. The chancellor observed that although the 31st rule fixes the minimum of the penalty of a bond to be taken by the officer allowing an injunction out of court, it was intended that such officer should exercise a reasonable discretion in fixing the amount of the security to be given, so that it should in all cases be sufficient to cover the amount of damages the defendants may sustain if it should eventually that complainant was not entitled to an injunction.

And he decided that the officer allowing an injunction should always require a bond for a larger sum than $500, where there is reason to suppose the damage occasioned by the writ, if it should continue until the termination of the suit, will exceed that sum.